IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TODD ADAMSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-0523-CV-W-ODS ) |
| DURHAM D&M, LLC, FAYE CHAPMAN and JEFF HILL, | ) ) ) |
| Defendants. | ) ) |

### ORDER AND OPINION REMANDING CASE TO STATE COURT FOR LACK OF JURISDICTION

This case was removed from state court on July 9, 2009. Following an independent review, the Court concludes it lacks jurisdiction. The case is remanded to state court.

### I. BACKGROUND

Plaintiff initiated this suit in Jackson County Circuit Court on May 19, 2009. He asserts claims under the Missouri Human Rights Act ("MHRA") against his former employer and two individuals (at least one of which appears to have had supervisory power over Plaintiff).[1] Plaintiff and the individual defendants are citizens of Missouri, so the individual defendants' presence destroys diversity of citizenship. Nonetheless, Defendants have removed the case to federal court, contending the individual defendants' citizenship should be disregarded because their inclusion is fraudulent. Defendants support this argument by contending (1) Hill was not identified as a respondent in the administrative charge, (2) the allegations against Hill are insufficient to support a claim under the MHRA, (3) the facts demonstrate Chapman is entitled to

---

[1] The Petition is attached as an Exhibit to the Notice of Removal, but some of the pages are missing.

judgment as a matter of law, and (4) Plaintiff's counsel has personal animosity towards federal court.

## II. DISCUSSION

The concept of fraudulent joinder calls for an inquiry into the legal basis for a plaintiff's claim against a diversity-destroying defendant.

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406). Finally, the party seeking

2

removal bears the burden of demonstrating that federal jurisdiction exists. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

Defendants do not contend the MHRA precludes claims against individuals; instead, they contend Plaintiff cannot maintain his particular claims against these particular individuals. In large measure, the inquiry Defendants call for is closely allied with the merits, and to that extent cannot be decided in this context. The Court cannot decide defendants are entitled to judgment based on facts or law, then disregard its jurisdiction to decide the case – doing so risks placing the proverbial cart before the horse. The Court's inquiry is limited, as explained in Filla, to determining whether the law or facts are *clear* – an unusual circumstance that does not apply in the run-of-the-mill situation. This high standard is not met here.

First, with respect to Hill, Defendants have presented viable arguments that might lead a court to conclude Hill should be dismissed. Missouri law provides a mechanism for adding respondents to the complaint. Mo. Rev. Stat. § 213.075.4. The Missouri Supreme Court has also described circumstances in which a trial court should allow a defendant to be sued even if the defendant was not named in the administrative complaint. Hill v. Ford Motor Co., 277 F.3d 659, 669-70 (Mo. 2009) (en banc). These exceptions mean it is not clear the suit against Hill must be dismissed, and that determination must be made by a court having jurisdiction over the matter. Similarly, the allegations against Hill are not so deficient that the Court concludes they will inevitably be dismissed.

Regardless of the Court's determination with respect to Hill, the Court is even more convinced that Chapman was not fraudulently joined. Defendants invite the Court to consider evidence to determine Chapman cannot possibly be liable. This is tantamount to asking the Court to decide the facts are so clearly undisputed and Chapman is therefore so clearly entitled to summary judgment that the Court should conclude she was joined solely to defeat diversity – all before discovery has started, much less commenced. This is simply not proper. While Chapman may ultimately be entitled to summary judgment, that entitlement is not clear at this juncture. Plaintiff has

3

provided testimony in an unrelated case, but the focus was not on his own claims, and he may be permitted to augment his testimony and the record as a whole. At this moment in time – when the Court must decide whether it has jurisdiction – it is impossible to conclude the law and facts are so clear that Chapman will prevail.

Finally, Defendants' invitation for the Court to delve into counsel's motivations for preferring state court over federal court is rejected. Not only is the endeavor unseemly, it is irrelevant. There can be no doubt Plaintiff prefers to be in state court: he eschewed a federal claim and filed his case in state court. As the master of his suit, he could have found a way to file the case in federal court and chose not to do so. This preference has no place in the analysis: the fact that a litigant prefers to be in state court does not mean defendants have been fraudulently joined.

The Court lacks jurisdiction, and the case is remanded to state court. On remand, Defendants are free to present their arguments to the state court judge (which is a better source for the rulings of state law that are involved in this case). If they prevail, and if time permits, see 28 U.S.C. § 1446(b) ¶ 2, they can seek to remove the case.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 15, 2009                                    UNITED STATES DISTRICT COURT

4